# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WAKEEL ABDUL-SABUR, ) | |
|     Plaintiff, ) | Civil Action No. 7:15cv00492 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GAIL JONES, *et al.*, ) | By: Norman K. Moon |
|     Defendants. ) | United States District Judge |

Wakeel Abdul-Sabur, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently before me on Abdul-Sabur's motions for a preliminary injunction (Docket No. 1) and for a temporary restraining order (Docket No. 15). Having considered the motions and the defendants' responses thereto, I conclude that Abdul-Sabur has not demonstrated grounds warranting preliminary injunctive relief and, therefore, I will deny his motions.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.[1] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer

---

[1] In evaluating a request for a temporary restraining order, I consider the same factors applied for a preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411 (4th Cir. 1999).

imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps*, 444 F. Supp. 1167, 1182 (W.D. Va. 1978) (quoting *Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n*, 259 F.2d 921, 925 (1958)).

Abdul-Sabur alleges that he was housed at Wallens Ridge State Prison ("Wallens Ridge") three years ago. While there, he allegedly assisted in a "classified investigation" that implicated defendant Isreal Hamilton, who was an employee at Wallens Ridge, in alleged criminal activity. Sometime after the "investigation" concluded, Abdul-Sabur was transferred to Augusta Correctional Center ("Augusta") and defendant Hamilton became the Assistant Warden at Red Onion State Prison ("Red Onion"). While Abdul-Sabur was at Augusta, defendant Unit Manager T. Back recommended Abdul-Sabur's transfer to Red Onion. Abdul-Sabur's first motion sought to prevent his transfer to Red Onion because Hamilton is the Assistant Warden there.[2] Four days after the court received Abdul-Sabur's motion, he was transferred to Red Onion, where he was assigned to segregation and then to protective custody status. Abdul-Sabur's second motion requests transfer to the protective custody unit at Dillwyn Correctional Center because he has been denied religious and education programming and "cannot be guaranteed equal protection of the law" while housed at Red Onion.

Having reviewed Abdul-Sabur's motions and defendants' responses thereto, I conclude that Abdul-Sabur has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of preliminary injunctive relief. In addition, I note that in his

---

[2] Abdul-Sabur also alleges that while he was housed at Red Onion on another occasion, he was "threatened and taunted by officers," his "confidential informant status was divulged to other officers and inmates," [and he was "advised" that he would "be next in regards to being setup with a weapon and irreparable harm."

2

amended complaint, Abdul-Sabur seeks only damages and no injunctive relief. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petroleva Ecutoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (an injury or claim is irreparable only if it cannot be undone through monetary remedies). Therefore, it is hereby **ORDERED** that Abdul-Sabur's motions seeking preliminary injunctive relief are **DENIED without prejudice**.

The Clerk is directed to send a copy of this order to the parties.

ENTER: This 27th day of May, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE